IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRENT WILLIAM JACOBY, #291560, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN Q. HAMM, *et. al.,* )<br>)<br>Defendants. ) | <br><br><br><br>CASE NO. 2:22-CV-711-MHT-CSC<br>[WO] |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION

*Pro se* Plaintiff Brent Jacoby brings this 42 U.S.C. § 1983 Complaint against multiple Defendants employed in various capacities by the Alabama Department of Corrections alleging that they conspired to take his legal materials in retaliation for his prior legal actions filed against them.  Specifically, Plaintiff states as follows:

> This lawsuit is only for:
>
> (A)  Retaliatory treatment for filing 1983 Civil Rights actions.  Defendants did steal and lose all my law work to avoid liability and to make me somehow lose my pending lawsuit by deliberately withholding my incoming and outgoing legal mail.
>
> (B)  Conspiracy to deny me access to the court depositions and my law work because defendants know they could get away with it because this court basically said it was okay to continuously steal and lose my law work and not be sanctioned.

Doc. 1 at pp. 4, 20.  Further, Plaintiff claims that he is "in imminent danger of dying in the court".  (Doc. 1 at p. 21.).

## II. DISCUSSION

Under 28 U.S.C. § 1915, a prisoner may not bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1] 28 U.S.C. § 1915(g). Consequently, an inmate in violation of the "three strikes" provision of § 1915(g) who is not in "imminent danger" of suffering a serious physical injury must pay the filing fee upon initiation of his case. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Court records establish that Plaintiff, while incarcerated or detained, has on at least three occasions had civil actions or appeals dismissed as frivolous, as malicious, for failure to state a claim, or for asserting claims against defendants immune from suit under 28 U.S.C. § 1915.[2] The cases on which this Court relies in finding a § 1915(g) violation are:

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199, 216 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA . . . and inmates are not required to specifically plead or demonstrate exhaustion in their complaints."

[2] This Court may take judicial notice of its own records and the records of other federal courts. *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987); *United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999).

2

(1) *Jacoby v. Buncombe County Drug Treatment Program,* Civil Action No. 1:09-cv-304-GCM (W.D.N.C. 2009)(failure to state a claim); (2) *Jacoby v. Jones,* Civil Action No. 2:15-cv-543-MHT (M.D. Ala. 2018) (appeal frivolous); (3) *Jacoby v. Thomas,* Civil Action No. 2:15-cv-367-MHT (M.D. Ala. 2018) (appeal frivolous); and (4) *Jacoby v. Jones,* Civil Action No 2:15-cv-849-WKW (M.D. Ala. 2018) (appeal frivolous). This Court concludes these summary dismissals place Plaintiff in violation of 28 U.S.C. § 1915(g).

Since Plaintiff has three strikes, he may not proceed *in forma pauperis* in this case unless he demonstrates he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In determining whether a plaintiff satisfies this burden, "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). Upon careful review of the Complaint, the Court concludes that it in no way alleges Plaintiff is under threat of serious physical injury. Rather, Plaintiff claims that he is "in imminent danger of dying in the court". (Doc. 1 at p. 21.). Thus, the Court finds Plaintiff fails to demonstrate he "is under imminent danger of serious physical injury" as is required to meet the exception allowing circumvention of the directives contained in 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that a prisoner who has filed three or more frivolous lawsuits or appeals and seeks to proceed *in forma pauperis* must present facts sufficient to demonstrate "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g). Consequently, Plaintiff is not entitled to proceed *in forma pauperis* in this matter due to his violation of the "three strikes" provision of 28 U.S.C. § 1915(g).

Based on the foregoing and Plaintiff's failure to pay the requisite filing and administrative fees upon initiation of this case, the Court concludes this case is due to be summarily dismissed without prejudice. *Dupree*, 284 F.3d at 1236 (emphasis in original) (explaining that "the proper procedure is for the district court to dismiss the complaint without prejudice when [an inmate is not entitled] to proceed *in forma pauperis* [due] to [violation of] the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (same).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) be DENIED; and

2. This case be DISMISSED without prejudice for Plaintiff's failure to pay the filing and administrative fees upon his initiation of this case.

A party may file objections to the Recommendation **by January 26, 2023**. Any objection filed must specifically identify the findings in the Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable. Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the District Court's order based on

4

unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 11th day of January 2023.

/s/   Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE